RECEIVED BY MAIL
FEB 12 2018
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

TROY K. SCHEFFLER,
        Plaintiff,

Vs.

ALLTRAN FINANCIAL, LP,
        Defendant.

Court File Number:

**CLASS ACTION COMPLAINT**
Jury Trial Demanded

18-cv-415 DWF/LIB

COMES NOW THE PLAINTIFF AND STATES HIS CAUSE OF ACTION AS FOLLOWS:

### Introduction

Plaintiff Troy Scheffler, an adult individual and citizen of Minnesota, on behalf of himself and all similarly situated individuals, sues Defendant debt collector for actions under the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692. Plaintiff demands trial by jury.

### Subject Matter Jurisdiction

1. This court has subject matter jurisdiction as a court of general jurisdiction in accordance with 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

### Venue

2. Plaintiff lays venue in accordance with 28 U.S.C. §1391 and LR D. Minn. 83.11.

SCANNED
FEB 13 2018
U.S. DISTRICT COURT ST. PAUL

1

3. Defendant's registered agent is located at 1010 Dale St. N., St. Paul, MN 55117-5603.

4. That the causes of action originate from conduct by Defendant within the District of Minnesota.

5. Defendant is a Minnesota licensed collection agency, license number 20460130.

## Parties

6. Plaintiff Troy K. Scheffler is an adult man domiciled at 26359 Shandy Trl, Merrifield, MN 56465.

7. Defendant is a business entity with a principal office address of 5800 North Course Drv, Houston, TX 77072.

## Facts

8. That Defendant had an account placed with them by creditor American Express Co. alleging Plaintiff owed a debt.

9. That Plaintiff is considered a consumer under the Fair Debt Collection Practices Act (FDCPA).

10. That Defendant is considered a debt collector under the FDCPA.

11. That Plaintiff suffers from agoraphobia with panic disorder, insomnia, and post-traumatic stress disorder.

12. That Defendant uses as policy a scripted template message when leaving voice messages for consumers that they call.

13. That the template states, "Hello, this message is from [Debt Collector's Name] with Alltran Financial. This call is from a debt collector. Please call 800-326-3446 [or occasionally 888-739-0868], extension [Caller's Extension]. Thank you."

14. That a voicemail message is considered a communication under the FDCPA.

15. That this scripted message is left by Defendant when leaving messages on all consumers voicemails.

16. That on at least 14 separate occasions, Defendant through use of their employees did leave a voicemail message in the form stated in paragraph 11 on Plaintiff's cellular phone number 763-225-7702.

17. The dates of messages left by Defendant's collectors Nancy Alvaranga (MN Debt Collector License #40469471), Benjamin Santamaria (License #20483338), Unintelligible Jane Doe (Extension 3387), Porsche Johnson (License #40537366), Kortney Van Buren (License #40547624), Shamica Williams (License #40097155), Arjenay Cunningham (License #40528102), Ashley Jenkins (License #40451832),

Taylor Prejean (License #40551634), Khadijah Jordan (License #40525703), Heather Whiteside (License #40533683) were made on 10/13/2017, 10/16/2017, 10/18/2017, 10/20/2017, 10/25/2017, 11/10/2017, 11/13/2017, 11/24/2017, 11/29/2017, 12/02/2017, 12/04/2017, 12/08/2017, 12/13/2017, 12/18/2017.

18. That the message left on 10/13/2017 was in fact and should have been relied upon to a substantial certainty by the Defendant as their first communication with Plaintiff.

19. That 15 U.S. Code 1692e(11) requires debt collectors to state in an initial oral communication that "The debt collector is attempting to collect a debt and that any information obtained will be used for that purpose".

20. That the Defendant failed to leave the required disclosure as stated in paragraph 16 in their initial communication with Plaintiff.

21. That Defendant fails to leave the required disclosure in all initial communications with all consumers.

22. That Minnesota State statute 332.37 requires a disclosure of the full name of Defendant's business name as it appears on its collection license with the State of Minnesota in all communications.

23. That the full name to be disclosed is "Alltran Financial, LP".

24. In no oral communication with Plaintiff did Defendant disclose "Alltran Finanacial, LP".

25. That in no oral communication with any consumer does Defendant disclose their full name as it appears on their Minnesota Debt Collection license.

26. That failing to disclose their full business name as required by Minnesota State law, that Defendant violates 15 U.S.C. 1692e(14) as it relates to Plaintiff and other Minnesota citizens.

27. On 12/18/2017, Plaintiff telephoned Defendant at 800-326-3446.

28. Plaintiff was immediately forwarded to a voicemail simply identified as "Alltran Financial" where he left a message stating he was returning a number of messages from Defendant and expressed concern over the information Defendant was leaving on Plaintiff's voicemail "...for everyone else to hear".

29. On 12/19/2017 Plaintiff telephoned Defendant at 866-516-6427 and spoke to Diane Mitchell (MN License #20483694).

30. Plaintiff explained to Mitchell he was displeased with Defendant continually disclosing that they are a debt collector on his voicemail.

31. Plaintiff stated both his then girlfriend and his roommate John Hoyt heard some of the voicemails while Plaintiff initially played them from his cellular phone.

32. Mitchell apologized and then stated she would transfer Plaintiff to the person who was leaving the messages. She then stated that this person had gone home already and that she would handle the call.

33. Mitchell then continued with the call disclosing the full "Mini-Miranda" by stating, "This is a communication from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose."

34. That Defendant is fully capable and knowledgeable concerning the disclosure required by 15 U.S. Code 1692e(11).

35. Plaintiff again reiterated that he did not want Defendant leaving disclosures on his cellular phone voicemail at which point Mitchell accused him of not wanting to take care of the alleged debt due to this demand. She stated that the message being left is completely legal.

36. Plaintiff again reiterated that Defendant was calling and leaving messages on his cellular phone and the call was concluded.

37. Shortly after this call and partially due to the fact that Mitchell

made it clear that Defendant would continue to disclose information concerning the debt on his voicemail, Plaintiff served notice through Defendant's email system to immediately cease and desist communications with him specifically concerning the alleged debt.

38. On 02/07/2018, While writing this very complaint, Plaintiff telephoned Defendant at 800-326-3446 to obtain the identity of the employee at extension 3387 as the original voicemail message she left was unintelligible as to her name.

39. Despite entering 3387 for a transfer, Plaintiff spoke with an Angelica Mahon (License #40482482) at extension 3064.

40. Plaintiff informed Mahon that he could not understand the name left by extension 3387 and that he was specifically calling to obtain her name.

41. Plaintiff explained the person called on November 10th, 2017, at 8:02am.

42. Mahon shortly after stated that she was going to tell Plaintiff why he was being called at which point Plaintiff immediately warned Mahon that he was not calling about the debt and that the account should be ceased.

43. Mahon shortly after stated that there is a lot of people so she would not be able to tell me who called, but that she could tell Plaintiff what the call was regarding.

44. Instead of Plaintiff easily being able to lead Mahon into an actionable cease and desist FDCPA violation, Plaintiff again clearly stated he was only calling to obtain a name and not calling about the debt.

45. Mahon then, likely in error, stated that the person Plaintiff was seeking was Laquisha Hurst (License #40546169).

46. Shortly after, Mahon again pressed Plaintiff to allow her to explain what the calls were regarding.

47. Plaintiff state that he was pretty sure that the account had been ceased and asked Mahon to verify that it had.

48. Mahon said it wasn't ceased and again tried to disclose what the calls were concerning.

49. Plaintiff stated that he had found out what he needed to know while again helping Mahon and Defendant avoid further FDCPA violations. He concluded the call.

50. The disclosures by Defendant on Plaintiff's voicemail of which

Plaintiff's roommate Hoyt overheard have caused friction between Hoyt and Plaintiff which was a reasonable and foreseeable consequence by Defendant from leaving disclosing information concerning Plaintiff's alleged debt on numerous occasions.

51. Plaintiff suffered damages.

## CLASS ALLEGATIONS

52. Plaintiff brings this action individually, and as a nationwide class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b), on behalf of all consumer-subjects in the United States of America as to Claim I below, of the following Class:

• All consumers in the United States of America, beginning one year before the filing of this Complaint and continuing through the resolution of this action, who Defendant telephoned and left a scripted voicemail message using the format described in paragraph 12;

53. The Class is so numerous that joinder of all members is impracticable.

54. Although the precise number of Class members is known only to Defendant debt collector, Defendant makes scores, if not hundreds of thousands of telephone calls leaving the message described in

paragraph 12.

55. Defendant has the ability and can easily run administrative reports to disclose consumers which have had a voicemail left and the date of the voicemail.

56. Defendant's practice and procedure is uniform and consistent with leaving this message for consumers.

57. Accordingly, Plaintiff estimates that the class size numbers in the thousands.

58. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.

59. The principal question is whether the Defendant violated the FDCPA by failing to fully disclose in compliance with 15 U.S. Code 1692e(11) in their initial communication with a consumer.

60. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

61. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class

would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, as well as a risk of incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests, and the injuries to class members is are amenable to class-wide injunctive relief to enjoin the Defendant from continued perpetration of violation of 15 U.S.C. §1692e(11).

62. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole appropriate.

63. The integrity of the Fair Debt Collections Practices Act is a matter of paramount importance to the Public and alleged claims are most amenable to resolution by class action.

64. A class action is a superior method for the fair and efficient adjudication of this controversy.

65. The interest of Class members in individually controlling the

prosecution of separate claims against Defendant is slight because the maximum statutory damages are limited to $1,000.00 under the FDCPA.

66. If statutory damages were awarded, they would be uniform throughout the nationwide class for the same claim and unlikely to be uniform if brought individually.

67. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims.

68. The identities of the Class members may be easily obtained from Defendant's records.

69. Plaintiff will fairly and adequately protect and represent the interests of the Class.

70. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because Defendant's conduct was perpetrated on all members of the Class, and will be established by common proof.

71. Resolution of the merits of these claims for all class members, and the conferring of common relief upon each and all class members,

72. Moreover, Plaintiff has relationships with counsel well versed in class actions and consumer protection laws and will employ their expertise if his individual claims survive.

73. Neither Plaintiff nor his potential counsel have any interests which might cause them not to pursue this claim vigorously.

## Claims

### I. FDCPA 15 U.S. Code 1692e(11)

74. Plaintiff realleges and reasserts each and every claim and averment above.

75. That Defendant did leave numerous voicemail for Plaintiff on his cellular phone number 763-225-7702.

76. That these calls are detailed in paragraphs 11-16.

77. That Defendant leaves the same voicemail for all consumers it calls and leaves a message.

78. That these voicemails of which any could be considered an initial communication, fail to disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" as required under 15 U.S.C. 1692e(11).

79. Plaintiff suffered damages.


72. Moreover, Plaintiff has relationships with counsel well versed in class actions and consumer protection laws and will employ their expertise if his individual claims survive.

73. Neither Plaintiff nor his potential counsel have any interests which might cause them not to pursue this claim vigorously.

## Claims

### I. FDCPA 15 U.S. Code 1692e(11)

74. Plaintiff realleges and reasserts each and every claim and averment above.

75. That Defendant did leave numerous voicemail for Plaintiff on his cellular phone number 763-225-7702.

76. That these calls are detailed in paragraphs 11-16.

77. That Defendant leaves the same voicemail for all consumers it calls and leaves a message.

78. That these voicemails of which any could be considered an initial communication, fail to disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" as required under 15 U.S.C. 1692e(11).

79. Plaintiff suffered damages.

80. That violation of 15 U.S.C. 1692e(11) shall result in statutory damages awarded by the court of up to $1,000.

## II. *Minnesota Statute 332.37(16) as actionable under 15 U.S.C. 1692e(14) and 15 U.S.C. 1692n*

81. Plaintiff realleges and reasserts each and every claim and averment above.

82. That in no communication with Plaintiff as described in paragraph 16 and 28 did Defendant disclose their full name as listed on their Minnesota Collection Agency License.

83. These communications were in violation of MN Stat 332.37(16) and therefore are in violation of 15 U.S.C. 1692e(14) which is further emphasized in 15 U.S.C. 1692n with the FDCPA's relation to state laws.

84. That Plaintiff suffered damages.

85. That violation of 15 U.S.C. 1692e(14) shall result in statutory damages awarded by the court of up to $1,000.

## III. *FDCPA 15 U.S.C. 1692c(b)*

86. Plaintiff realleges and reasserts each and every claim and averment above.

87. That Defendant did leave numerous communications on Plaintiff's

cellular phone voicemail which disclosed that they were a debt collector.

88. On at least one occasion described in paragraph 16 while normally listening to his voicemail on speaker phone did his roommate John Hoyt overhear Defendant's voicemail disclosing the existence of an alleged debt.

89. That Plaintiff had reason to believe that disclosure of debt information would not be left on his voicemail as he can't recall that ever happening to him before Defendant's conduct.

90. That Defendant could reasonably have foreseen that disclosure of the existence of a debt on Plaintiff's voicemail could easily be overheard by third parties.

91. That John Hoyt is a third party.

92. That defendant's disclosure violates 15 U.S.C. 1692d(b).

93. That violation of 15 U.S.C. 1692c(b) shall result in statutory damages awarded by the court of up to $1,000.

**WHEREFORE**, Plaintiff Troy Scheffler prays for the following relief against the named Defendant:

A. Judgment in the favor of Plaintiff against Defendant;

B. Certification of the Class and naming Plaintiff as representative for the Class;

C. Statutory and actual damages;

E. Costs and disbursements in accordance with law;

F. Prejudgment interest in accordance with law;

G. Reasonable Attorney Fees;

H. Grant Plaintiff and the Class leave to amend the Complaint to conform to evidence later produced; and

I. Such other legal or equitable relief as this court is pleased to grant.

## PLAINTIFF DEMANDS A TRIAL BY JURY.

## VERIFICATION

Having reviewed the above complaint, plaintiff Troy Scheffler affirms under penalty of law that all statements above, excluding those made on information and belief, are true to the best of Plaintiff's present knowledge.

Date: 02-08-2018

Troy Scheffler
Plaintiff Pro Se
26359 Shandy Trl
Merrifield, MN 56465
763-225-7702