**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| TROY K. SCHEFFLER,<br><br>Plaintiff,<br>v.<br><br>ALLTRAN FINANCIAL, LP,<br><br>Defendant. | Civil File No. 18-CV-00415-DWF-LIB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

## INTRODUCTION

This action is one of many that have been commenced by plaintiff Troy K. Scheffler ("Plaintiff") – a professional plaintiff and former debt collector identified as a plaintiff in at least twenty-six separate actions in this district, [1] who was once described as "the most litigious debtor in Minnesota." *Scheffler v. Messerli & Kramer P.A.*, 791 F.3d 847, 847 (8th Cir. 2015).[2] Plaintiff's extensive litigation history reveals that he routinely

---

[1]https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=7c703778d65d4e17b8bf38767b9e010e

[2] *See also* Chris Serres, Ex-collector, deep in debt, knew how to fight back, Star Tribune (Aug. 4, 2010), available at www.startribune.com/ex-collector-deep-indebt-knew-how-to fight-back (describing Plaintiff as an ex-debt collector, and discussing his scheme which, as of 2010, had netted over $20,000, and was described by Plaintiff as "the least-strenuous money [he] ever made." A true and correct copy of the article is attached hereto as Exhibit A. The Court can consider this document in adjudicating Alltran's Motion to Dismiss because it is a matter of public record. *See Dittmer Props., L.P. v. FDIC*, 708 F.3d 1011, 1021 (8th Cir. 2013) ("In adjudicating Rule 12(b) motions, courts are not strictly limited to the four corners of complaints . . . courts additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment.") (citing *Outdoor Cent., Inc. v.*

(continued...)

defaults on his obligations for the express purpose of receiving debt collection calls, so he can bait the unsuspecting collection agents into committing (what he believes to be) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*[3] Indeed, Plaintiff's scheme has been described as "common knowledge among district court judges [in this district]." *See* transcript from April 19, 2017, hearing on defendant's motion for summary judgment in *Scheffler v. Gurstel Chargo, P.A.*, No 15-cv-4436, ECF No. 115, p. 15:8-11.[4] And now – despite being warned that his claims have come "precariously close to violating Rule 11," and cautioned "to be more judicious in any future cases" – Plaintiff has repeated this pattern by bringing the current claims against defendant Alltran Financial, LP ("Alltran").

(...continued)
*GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)).

[3] *See* order granting defendant's motion for summary judgment in *Scheffler v. Gurstel Chargo, P.A.*, No 15-cv-4436, ECF No. 78, p. 3 (April 19, 2017) (noting that "Scheffler baited [defendant's agent] into discussing possible resolution of the debt . . . [and] [w]hen reviewed as a whole, the call was an unsubtle and ultimately unsuccessful attempt to provoke [the agent] into committing an FDCPA violation."). A copy of the order is attached hereto as Exhibit B, and can be considered in adjudicating Alltran's Motion to Dismiss because it is a public record whose authenticity cannot be questioned. *See Dittmer*, 708 F.3d at 1021, *supra* n. 2.

[4] A true and correct copy of the *Gurstel Chargo* Hearing Transcript is attached hereto as Exhibit C. The Court can consider the transcript in adjudicating Alltran's Motion to Dismiss because it is a public record whose authenticity cannot be questioned. *See Dittmer*, 708 F.3d at 1021, *supra* n. 2.

Plaintiff does not allege that Alltran engaged in any malicious conduct, or that he suffered any actual harm as a result of any alleged conduct. Rather, Plaintiff alleges that over a two month period, Alltran left numerous voicemail messages on his cellular telephone using a "scripted template message" in which the caller identified him or herself as a "debt collector" with "Alltran Financial." *See* Compl. ¶¶ 12-13. Plaintiff does not allege that he asked Alltran to cease contacting him, or that he answered, returned, or otherwise responded to any of the calls until December 18, 2017 – more than two months after Alltran allegedly left the initial voicemail message. *Id.* at ¶¶ 17, 29[5]. Instead, Plaintiff allegedly lied in wait until – according to Plaintiff – Alltran committed various technical violations under the FDCPA. *See gen.*, Compl. Specifically, Plaintiff claims that Alltran, by identifying itself as a "debt collector" in the voicemail messages, unlawfully communicated with third parties (when he subsequently played the messages on speakerphone for his roommate to hear). *See id.* ¶ 88. Paradoxically, Plaintiff purports to raise a second, contradictory claim that Alltran's first message failed to disclose that it was being left for the purpose of collecting a debt, as required under the FDCPA for "initial communications." *See id.* ¶ 19. Finally, Plaintiff asserts that Alltran violated the Minnesota Fair Debt Collection Practices Act ("MFDCPA") by identifying itself as "Alltran Financial," rather than "Alltran Financial, LP." *Id.* ¶¶ 23-25.

---

5 Plaintiff also alleges that he asked Alltran to cease "leaving disclosures on his cellular phone" during the December 19, 2017, call. *See* Compl. ¶¶ 29-35. But this has no relevance to the claims raised herein.

Despite Plaintiff's efforts, his FDCPA honeypot was unsuccessful because – even setting aside the dubious nature of Plaintiff's claims, and accepting his allegations as true – the Complaint fails to allege any violation of the FDCPA. The alleged "scripted template message" left by Alltran has been affirmatively approved by courts in this district, which have held that messages do not violate the FDCPA if, like here, they do not convey any information regarding the debt. Plaintiff's "initial communication" claim fails for the same reason – because the alleged voicemail did not constitute a "communication" under the FDCPA (and even if it did, the claim is premised on Plaintiff's misrepresentation that the voicemail was Alltran's first contact with him – which it was not). Additionally, Plaintiff fails to state a claim under the MFDCPA because it is derivative of the FDCPA, which Alltran satisfied by using its "true name" of "Alltran Financial." Finally, even if the Complaint did plead a FDCPA violation by Alltran (which it does not) Plaintiff – as a professional plaintiff actively attempting to bait debt collectors into committing FDCPA violations – lacks standing to pursue any such claim.

For these reasons, and as further discussed below, Plaintiff's claims should be dismissed in their entirety, and with prejudice.

**BACKGROUND**

This action concerns a debt owed by Plaintiff in connection with a credit card account issued by American Express Co. ("Amex"). *See* Compl., ¶ 8. Following Plaintiff's default on the credit card account, Amex referred the account to Alltran for collection. *See id.* Plaintiff alleges that Alltran first contacted him by calling his cellular

telephone on October 13, 2017, and that Alltran called him "on at least" thirteen additional occasions between October 16, 2017, and December 18, 2017. *See* Compl. ¶¶ 16-18. Plaintiff further alleges that on each occasion, Alltran left a voicemail message stating:

> Hello, this message is from [Debt Collector's Name] with Alltran Financial. This call is from a debt collector. Please call 800-326-3446 [or occasionally 888-739-0868], extension [Caller's Extension]. Thank you.

*Id.* ¶¶ 13-17. Plaintiff alleges that "on at least one occasion . . . while normally listening to his voicemail on speaker phone[,] [ ] his roommate . . . overhear[d] [Alltran's] voicemail disclosing the existence of an alleged debt." *See* Compl. at ¶ 88.[6]

Based thereon, Plaintiff purports to raise three causes of action under the FDCPA. First, he claims that the message left on October 13, 2017 – which was allegedly Alltran's "initial communication" with him – violated § 1692e(11) by failing to provide the so called "Mini Miranda" disclosure that "any information obtained will be used for [collecting a debt]" ("Count One"). *See* Compl. ¶¶ 18-21. Second, Plaintiff alleges that Alltran's messages – by identifying Alltran as "Alltran Financial" (rather than "Alltran Financial, LP") – violated § 1692e(14) and § 332.32 of the MFDCPA ("Count Two"). *Id.* ¶¶ 22-26. Finally, Plaintiff claims that Alltran's voicemail messages violated §

---

6 It is unclear whether Plaintiff is alleging that any other person overheard any of the alleged messages. Plaintiff alleges that on December 19, 2017, he contacted Alltran and stated to an Alltran representative that "both his then girlfriend and his roommate . . . heard some of the voicemails . . . ." Coml. ¶ 31. However, the Complaint purports to base its claim on the allegation that his roommate overheard one of the alleged messages "on at least one occasion." *See id.* at ¶ 88. In either case, the allegations fail to state a claim under the FDCPA as a matter of law, as discussed below.

1692c(b) by disclosing that the call was from a debt collector ("Count Three"). *See* Compl. ¶¶ 86-93.

**ARGUMENT**

**A. Standard on a Motion to Dismiss for Failure to State a Claim**

Rule 12 of the Federal Rules of Civil Procedure authorizes the district court to dismiss a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant." *Sierra Club v. Clinton*, 689 F. Supp. 2d 1147, 1154 (D. Minn. 2010). However, conclusory allegations unsupported by facts are not presumed to be true, and "a court need not accept . . . legal conclusions drawn by the pleader from the facts alleged." *Id.*

"[T]o withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Rule 8 of the Federal Rules of Civil Procedure and meet the principles articulated by the United States Supreme Court in *Twombly* and *Iqbal*." *Corbett v. Bank of Am., N.A.*, No. 13-928(MJD/JSM), 2013 U.S. Dist. LEXIS 184962, at *15-16 (D. Minn. Dec. 9, 2013) (referencing the "pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)"). While this does not require that a complaint contain detailed factual allegations, it cannot rely on labels, conclusions, "a formulaic recitation of the elements of a cause of action," or factual allegations that raise a mere speculation of a claim. *See Twombly*, 550 U.S. at 548, 555; *see also Sellors v. Obama*, No. 13-CV-2484 SRN/JSM, 2014 WL 1607747, at

*2 (D. Minn. Apr. 15, 2014) ("'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' will not pass muster.") (quoting *Iqbal*, 556 U.S. at 678). Additionally, "a court will not supply additional facts, nor will it construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Mashak v. Minnesota*, No. CIV. 11-473 JRT/JSM, 2012 WL 928225, at *7 (D. Minn. Jan. 25, 2012). Rather, "a complaint must contain sufficient contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Courts typically dismiss a pleading with leave to amend for failure to comply with Rule 8. *Mashak*, 2012 U.S. Dist. LEXIS 36491, at *51-52 (citing *Michaelis v. Nebraska State Bar Ass'n.*, 717 F.2d 437, 438-39 (8th Cir. 1983)). However, when "the court is convinced that [a complaint's] defects cannot be cured through re-pleading, dismissal with prejudice is appropriate." *Id.* (citing *White v. United States*, 588 F.2d 650, 650 (8th Cir. 1978); *Ikechi v. Verizon Wireless*, No. 10-CV-4554 JNE/SER, 2011 WL 2118797, at *5 n.6 (D. Minn. Apr. 7, 2011) (recommending dismissal with prejudice of plaintiff's fraud claims because "re-pleading would be futile."). Indeed, claims should be dismissed with prejudice if the plaintiff's allegations simply "cannot serve as the basis for a claim under any of the consumer protection statutes upon which Plaintiff relies." *Bernstein v. Extendicare Health Servs., Inc.*, 607 F. Supp. 2d 1027, 1032 (D. Minn. 2009) (dismissing

claims with prejudice because the plaintiff "failed to identify any solid ground on which the Plaintiff could stand"). The same result is warranted in this case.

**B. Plaintiff Fails to State a Claim Under the FDCPA.**

"To establish a prima facie case under the FDCPA, a plaintiff must establish four elements: (1) that the plaintiff is a natural person who is harmed by violations of the FDCPA, (2) the 'debt' arises out of a transaction entered primarily for family, personal, or household purposes, (3) the defendant collecting the debt is a 'debt collector' under the FDCPA, and (4) the defendant has violated, by act or omission, the provisions of the FDCPA." *Blanc v. Palisades Collection, LLP*, No. 06 Civ 01626 (CLB)(LMS), 2007 U.S. Dist. LEXIS 103871, at *11 (S.D.N.Y. Oct. 5, 2007) (citing 29 Margorie Wengert, Causes of Action 2d 1 § 9 (2006)). Here, Plaintiff fails to allege any facts that would satisfy the final requirement: that Alltran violated any provision of the FDCPA.

**1. Plaintiff Fails to Allege a Violation of Section 1692e(11).**

As noted above, Plaintiff alleges that Alltran violated § 1692e(11) by failing to provide the full Mini Miranda disclosure during its initial communication with Plaintiff. *See* Compl. ¶¶ 75-80. Section 1692e(11) requires debt collectors to disclose:

> in the initial . . . communication[ ] that [it] is attempting to collect a debt and that any information obtained will be used for that purpose, and . . . in subsequent communications that the communication is from a debt collector . . . .

15 U.S.C. § 1692e(11); *see also Zortman v. J.C. Christensen & Assocs.*, 870 F. Supp. 2d 694, 700 (D. Minn. 2012) ("the statutory language of § . . . 1692e(11), as interpreted by courts to date, requires debt collectors to meaningfully identify themselves and state that

they are calling to collect a debt (sometimes referred to as the 'mini Miranda')"). As a threshold matter, because the alleged voicemail message did not convey any information regarding the debt, it does not qualify as a "communication" under the FDCPA. *See id.* at 705 (holding that messages did not constitute "communications" under the FDCPA where they conveyed nothing more than the identity of the caller as a debt collector – which "convey[ed] no more information than a hang-up call" would via caller ID); *Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1183 (10th Cir. 2011) (holding that a facsimile from a debt collector was not a "communication" where it did not expressly reference the debt or indicate to the recipient that it related to the collection of a debt, as the FDCPA expressly defines "communication" to "mean[] the conveying of information regarding a debt directly or indirectly to any person through any medium") (citing 15 U.S.C. § 1692a(2)). Accordingly, § 1692e(11) did not apply to the referenced voicemail message.

In any event, the Court need not consider whether the voicemail message allegedly left on October 13, 2017, qualifies as a "communication" – or whether it failed to provide the full Mini-Miranda disclosure – because the voicemail message was not Alltran's first contact with Plaintiff. Rather, the initial communication was a letter sent to Plaintiff on October 11, 2017, which clearly stated at the bottom of the first page that "[t]his communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." A true and correct copy of Alltran's

October 11, 2017, letter is attached hereto as Exhibit D.[7] Accordingly, Alltran's initial communication provided the full Mini-Miranda disclosure under § 1692e(11). And by disclosing in the subsequent voicemail messages that "[t]h[e] call [wa]s from a debt collector," Alltran satisfied its continuing obligations thereunder. *See* Compl. ¶ 13. Accordingly, Count One fails as a matter of law, and should be dismissed with prejudice.

**2. Count Two Fails as a Matter of Law Because "Alltran Financial" is Alltran's "True Name."**

In Count Two, Plaintiff alleges that Alltran's voicemail messages violated § 1692e(14) by failing to comply with § 332.37(16) of the MFDCPA. *See* Compl. ¶¶ 81-85. According to Plaintiff, MN Stat. § 332.37(16) requires Alltran to identify itself as "Alltran Financial, LP," "as listed on [its] Minnesota Collection Agency License." *See* Compl. ¶ 25. This claim fails as a matter of law, however, because "Alltran Financial" is Alltran's "true name."

Section 1692e(14) of the FDCPA prohibits debt collectors from using "any business, company, or organization name other than [its] true name . . . ." The provision was recently addressed by the Supreme Court, which noted that "[a]lthough the FDCPA does not say what a 'true name' is, its import is straightforward: A debt collector may not lie about his institutional affiliation." *Sheriff v. Gillie*, 136 S. Ct. 1594, 1602 (2016). This comports with the FTC's long-standing interpretation, "that a debt collector's 'true name' encompasses not only its formal corporate name, but also the name under which it

[7] The Court can consider this document in adjudicating Alltran's Motion to Dismiss because, as Alltran's "initial communication," it is incorporated by reference, and is "integral" to the claim under § 1692e(11). *See Dittmer*, 708 F.3d at 1021, *supra* n. 2.

usually transacts business." *Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act*, 53 Fed. Reg. 50097 (1988); *see also Leonard v. Zwicker & Assocs., P.C.*, 713 F. App'x 879, 883 (11th Cir. 2017) ("The FTC has issued commentary stating that a debt collector does not violate § 1692e(14) if the collector 'use[s] its full business name, the name under which it usually transacts business, or a commonly-used acronym.'") (citing 53 Fed. Reg. 50097). Here, there is no question that "Alltran Financial" qualifies as Alltran's "true name," as it is the name under which Alltran "usually transacts business." Indeed, a search for "Alltran Financial" on the Minnesota Secretary of State website will yield Alltran's registration information. True and correct copies of the records from the website of the Minnesota Secretary of State are attached hereto as Exhibit E. Moreover, "LP" does not concern Alltran's "institutional affiliation," but rather, indicates that Alltran's business is structured as a limited partnership. *See* Black's Law Dictionary (10th ed. 2014) (identifying LP as a legal abbreviation of "limited partnership"). This information has no relevance to consumers, and its disclosure is not required under § 1692e(14).

The omission's lack of relevance raises another basis for dismissal, as it means the alleged misrepresentation is not material under the FDCPA. Recently, in *Hill v. Accounts Receivable Services., LLC*, the Eighth Circuit joined the Third, Fourth, Sixth, Seventh, and Ninth Circuits in holding that materiality is a necessary element of a claim under § 1692e. *See Hill v. Accounts Receivable Servs., LLC*, No. 16-4356, 2018 U.S. App. LEXIS 9813, at *2-3 (8th Cir. Apr. 19, 2018) ("Materiality is an ordinary element of any federal claim based on a false or misleading statement . . . We do not see any reason why

materiality should not equally be required in an action based on §1692e. The statute is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect) . . . if a statement would not mislead the unsophisticated consumer, it does not violate the Act--even if it is false in some technical sense. A statement cannot mislead unless it is material, so a false but non-material statement is not actionable.") (internal citations omitted). Materiality requires consumers to plead facts that show that it is plausible that a reasonable "unsophisticated consumer" would have done something differently but for the alleged statement. *See Hahn v. Triumph P'ships, LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).

Here, Plaintiff does not allege that the messages' omission of "LP" misled him in any way. *See, gen.,* Compl. This failure is, in itself, a sufficient basis to dismiss Count Two (along with Count One – which is likewise devoid of any supporting allegations of materiality). *See Stewart v. Bureaus Inv. Grp., LLC*, No. 3:10-CV-1019-WKW, 2015 U.S. Dist. LEXIS 158523, at *66 (M.D. Ala. Nov. 24, 2015) ("the relevant inquiry with respect to § 1692e(14) is whether the alleged misrepresentations would mislead the least sophisticated consumer. Crucially, the . . . Complaint is devoid of allegations that the misstated name in any way misled [the plaintiff] . . . Therefore, [plaintiff's] claims are due to be dismissed to the make claims under § 1692e(14)."). In any event, even if Plaintiff did allege that the omission was misleading, Courts have repeatedly rejected such arguments as baseless, and have found similar claims to be immaterial under the FDCPA. *See, e.g., Eul v. Transworld Sys.*, No. 15 C 7755, 2017 U.S. Dist. LEXIS

47505, at *101-04 (N.D. Ill. Mar. 30, 2017) (relying, in part on the FTC Staff Commentary on subsection (14) of § 1692e, in support of its holding that a debt collection letter's "identification of the creditor generally as 'National Collegiate Trust' [which omitted the trust's series number] was not false or misleading as a matter of law . . . [because ] a failure to identify the creditor by its precise and full legal entity name is not false or misleading under the FDCPA.") (citing 53 Fed. Reg. 50097; *Leonard v. Zwicker & Associates, P.C.*, No. 16-cv-14326, 2016 U.S. Dist. LEXIS 173669, 2016 WL 7388645 (S.D. Fla. Dec. 14, 2016), *app. fd.*, No. 17-10174 (11th Cir. Jan. 10, 2017) (dismissing FDCPA claim alleging that the debt collector improperly identified the creditor as "American Express," rather than "American Express Centurion Bank," the card's issuing bank, or "American Express Receivables Financing Corporation III LLC," a separate entity to which the bank sold credit card receivables).

Plaintiff's suggestion that the MFDCPA imposes a stricter requirement – to provide the "name of the collection agency *as it appears on its license*" – fails for these same reasons. *See* Compl. ¶ 82. Indeed, Plaintiff does not (and cannot) identify any case law or other authority to support this interpretation, as § 332.37 is entirely derivative of the analogous provision under the FDCPA (§ 1692e(14)), and as such, it also acts only to prohibit debt collectors from misrepresenting their identity when collecting a debt. In fact, federal courts in this district have consistently interpreted the provisions of the MFDCPA to be "derivative" of the corresponding FDCPA provisions. *See e.g., Burgi v. Gurstel Law Firm, PA*, No. 07-4772 (PJS/RLE), 2008 U.S. Dist. LEXIS 122823, at *26 n.8 (D. Minn. Sep. 24, 2008) ("the [plaintiffs'] [MFDCPA] claim is derivative of their

FDCPA claims. . . . Accordingly, because we recommend the dismissal of the [plaintiffs'] FDCPA claims, their claim under the [MFDCPA] "cannot survive") (citing MN Stat. § 332.37(12) ("No collection agency or collectors shall . . . violate any of the provisions of the Fair Debt Collection Practices Act of 1977 while attempting to collect on any account, bill or other indebtedness."); *Burgi v. Messerli & Kramer, P.A.*, 2008 U.S. Dist. LEXIS 67781, 2008 WL 4181732 at *7 (D. Minn., September 5, 2008)). Accordingly, § 332.37(16) of the MFDCPA, like § 1692e(14) of the FDCPA, does not require debt collectors to disclose their business structure, state of formation, financials, or any other business related information with no relevance to consumers. Therefore, Count Two should be dismissed with prejudice.

**3. Plaintiff Fails to State a Claim Under § 1692c(b)**

Finally, Plaintiff's claim under § 1692c(b) fails as a matter of law because the alleged voicemail message falls squarely within the language approved in *Zortman*. *See Zortman*, 870 F. Supp. 2d at 707-08 ("voicemail messages that merely identify the caller as a debt collector and leave a return phone number" are not "third-party 'communication[s]' . . . interpreting § 1692c(b) to prohibit voicemail messages, like those left by [defendant] that […] did not identify a consumer . . . [or a] debt […] [and] provide[d] no more information than would be available through caller ID, does not directly advance the interests Congress set out to protect in the FDCPA."); *Kuntz v. Rodenburg LLP*, 838 F.3d 923, 925 (8th Cir. 2016) (citing *Zortman* for the proposition that "calls were not 'communications' [where] they did not convey that [defendant] was calling about the debt.'"). Here, Alltran's alleged voicemail message – like the message

left in *Zortman* – stated only that the "call [was] from a debt collector." *See* Compl. ¶ 13. The message did not specifically address Plaintiff as the intended recipient, nor did it identify him as the debtor, or provide any information regarding the debt. Accordingly, regardless of whether Plaintiff's roommate (or any other person) overheard the alleged voicemail messages, they do not constitute communications under § 1692c(b). *See Zortman*, 870 F. Supp. 2d at 707-08; *see also Gearman v. Heldenbrand*, No. 15-2039(DSD/FLN), 2015 U.S. Dist. LEXIS 119571, at *6 (D. Minn. Sep. 9, 2015) (dismissing claim under § 1692c(b) where "[t]here [was] no allegation that defendants stated that [plaintiff] owed a debt of any kind, and rejecting as "absurd," plaintiff's assertion that defendant's pre-recorded message identifying itself as a debt collector – made in "an attempt to comply with § 1692e(11) – violated § 1692c(b), as "merely identifying oneself as a debt collector does not convey information regarding a debt."); *Zweigenhaft v. Receivables Performance Mgmt., LLC*, No. 14 CV 01074 (RJD)(JMA), 2014 U.S. Dist. LEXIS 160441, at *7-8 (E.D.N.Y. Nov. 13, 2014) (rejecting argument that debt collector violated § 1692c(b) by leaving "a voicemail message that revealed that the caller was in the debt collection business and later identified the intended recipient of the message," which – according to plaintiff – armed [any third party who overhears the message] with . . . all of the tools to deduce that [the plaintiff] owed a debt." The court noted that this "argument cannot pass muster in light of the overall purpose of the FDCPA: to protect consumers from abusive debt collection practices and to do so "without imposing unnecessary restrictions on ethical debt collectors . . . To hold that [defendant's] actions violated the statute would place an undue restriction on an ethical

debt collector in light of our society's common use of communication technology ") (citing S. Rep. No. 95-382, at 1). Accordingly, Count Three should be dismissed with prejudice.

**C. <u>Plaintiff Lacks Standing to Pursue His Claims</u>**

Finally, even if the Complaint did plead claim under the FDCPA (it does not), Plaintiff cannot to pursue any such claim because he lacks prudential standing under the FDCPA.[8] *See UPS Worldwide Forwarding v. United States Postal Serv.*, 66 F.3d 621,

[8] "There are three types of standing: statutory, constitutional, and prudential. Statutory standing is simply statutory interpretation: . . . whether Congress has accorded . . . the right to sue . . . [for a particular] injury . . . Constitutional and prudential standing are about, respectively, the constitutional power of a federal court to resolve a dispute and the wisdom of so doing." *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 796 (W.D. Pa. 2016) (citing *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir. 2007)). Here, Plaintiff has statutory standing because he is a "consumer" under the FDCPA. And while it is questionable whether Plaintiff has constitutional standing, Alltran is not moving to dismiss on that basis. *See Martin v. Consumer Adjustment Co.*, No. 16-01180-CV-W-ODS, 2017 U.S. Dist. LEXIS 210632, at *6 (W.D. Mo. Dec. 22, 2017) (noting that courts in the Eighth Circuit have applied *Spokeo* and its progeny in FDCPA cases to find a plaintiff lacks standing when no harm or risk of harm is established) (citing *Jackson v. Abendroth & Russell, P.C.*, 207 F. Supp. 3d 945, 952-62 (S.D. Iowa 2016) ("A violation of the FDCPA alone . . . does not automatically amount to an injury in fact . . . although the common law system traditionally provided redress for harms closely related to fraudulent or mistaken demands for payment . . . the procedural harm of not receiving informational disclosures from a debt collector [required under FDCPA sections 1692g(a) and (b)] is not closely related to any traditional bases for relief . . . [and] does not, by itself, constitute an intangible harm that satisfies the injury-in-fact requirement")). Rather, Alltran asserts only that Plaintiff does not have prudential standing, which concerns his lack of a valid cause of action under the FDCPA, and does not implicate the Court's constitutional power to adjudicate the case. *See Advanced Video Techs., LLC v. HTC Corp.*, 103 F. Supp. 3d 409, 418 (S.D.N.Y. 2015) (noting that prudential "standing is really a question of statutory interpretation concerning who has a cause of action under the statute and under what circumstances […] [and] no motion to dismiss for lack of

(continued...)

625 (3d Cir. 1995) ("Standing has constitutional and prudential components, both of which must be satisfied before a litigant may seek redress in the federal courts."). Prudential standing requires that: (1) "a litigant assert his or her own legal interests rather than those of third parties;" (2) "courts refrain from adjudicating abstract questions of wide public significance which amount to generalized grievances;" and (3) "a litigant demonstrate that her interests are arguably within the zone of interests intended to be protected by the statute . . . on which the claim is based." *Stoops*, 197 F. Supp. 3d at 803-04 (citing *UPS Worldwide*, 66 F.3d at 626). The zone of interest test is a guide for deciding whether, "in view of Congress' evident intent . . . a particular plaintiff should be heard to complain of a particular [statutory violation] . . . [and] denies a right of review if the plaintiff's interests are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit." *Id.* (citing *Chem Serv., Inc. v. Envtl. Monitoring Sys. Lab.-Cincinnati*, 12 F.3d 1256, 1262 (3d Cir. 1993) (quoting *Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 399 (1987)).

Following the Supreme Court's seminal decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), federal courts have held that professional plaintiffs (like Plaintiff) do not fall within the zone of interests protected by consumer protection statutes such as

---

(...continued)
subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) lies where the alleged 'lack of standing' is merely prudential"). Accordingly, the Court has subject matter jurisdiction to consider Alltran's Motion to Dismiss on the merits, and for the reasons discussed herein, it should dismiss Plaintiff's claims with prejudice.

the FDCPA, and thus, lack standing to pursue such claims. *See Morris v. Unitedhealthcare Ins. Co.*, No. 4:15-CV-00638-ALM-CAN, 2016 U.S. Dist. LEXIS 168288, at *18 (E.D. Tex. Nov. 8, 2016) (discussing abuse of the judicial process by serial litigants, and noting that "going forward each such case merits close scrutiny on the issue of standing in light of *Spokeo*.") (citing *Stoops*, 197 F. Supp. 3d at 803-04). In *Stoops*, the Western District of Pennsylvania found that a serial plaintiff who admitted to filing suits under the Telephone Consumer Protection Act ("TCPA") "as a business" did not fall "within the zone of interests intended to be protected by the TCPA," and thus, lacked both Constitutional and prudential standing. *See Stoops*, 197 F. Supp. 3d at 796 ("Plaintiff's interests, which include purchasing cell phones with the hope of receiving calls from creditors for the sole purpose of collecting statutory damages, are not among the sorts of interests the TCPA was specifically designed to protect […] [these] interests are so marginally related to or inconsistent with the purposes implicit in the TCPA that it cannot reasonably be assumed that Congress intended to permit the suit […] [and as such,] she has failed to establish that the injury she complains of falls within the zone of interests sought to be protected by the statutory provision whose violation forms the legal basis for her complaint.") (citing *Maiden Creek Assocs., L.P. v. United States DOT*, 123 F. Supp. 3d 638, 649 (E.D. Pa. 2015) (noting that courts have held that plaintiffs "whose sole motivation . . . was their own economic self-interest and welfare" were not within the zone of interests to be protected by the National Environmental Policy Act); *Cellco P'ship v. Wilcrest Health Care Mgmt.*, No. 09-3534 (MLC), 2012 U.S. Dist. LEXIS 64407, at *17, 23 (D.N.J. May 8, 2012) (holding that the plaintiffs did not fall within the

zone of interests protected by the TCPA because "they attempt[ed] to use the statute in a way not intended or contemplated by Congress" and because "[t]heir damages are not of the vexatious and intrusive nuisance nature sought to be redressed by Congress in enacting the TCPA")); *see also Telephone Science Corp. v. Asset Recovery Solutions, LLC* (plaintiff, a company that offered a service to help consumers avoid incoming calls placed by robocallers – by operating a honeypot that sought to receive robocalls and identify the numbers associated therewith – did not have standing to bring a suit under the TCPA because it did not suffer the injury contemplated by the statute —an invasion of privacy or general nuisance.).

Here, Plaintiff does not fall within the zone of interests intended to be protected by the FDCPA. Rather, like the plaintiff in *Stoops*, Plaintiff's interests, "which include [defaulting on consumer debts] with the hope of receiving calls from [debt collectors] for the sole purpose of collecting statutory damages, are not among the sorts of interests the [FDCPA] was specifically designed to protect." *See Stoops*, 197 F. Supp. 3d at 796. Indeed, as the Honorable David S. Doty noted during oral argument on defendant's motion for summary judgment in *Scheffler v. Gurstel Chargo*, Plaintiff cannot be categorized as one of the "least sophisticated consumers" the statute was enacted to protect:

> Well, do you think Mr. Scheffler is a least sophisticated consumer? […] you imply that he's one of the least acute . . . consumers. And I don't think Mr Scheffler [is] . . . he is very knowledgeable […] Should [defendant] be held to that standard in this case? […] even if they know . . . the consumer and know that, in this case, he is not a least sophisticated person?

*See* Ex. C, *Gurstel Chargo* Hearing Transcript, pp. 14:11-21, 15:1-20. These facts demonstrate that Plaintiff's only interests are in profiting from his enterprise of FDCPA litigation — and as such, he is not within the zone of interests protected by the FDCPA. Accordingly, Plaintiff lacks standing to pursue his claims against Alltran.

## CONCLUSION

For the foregoing reasons, Alltran respectfully requests that the Court grant its Motion, and dismiss Plaintiff's Complaint in its entirety and with prejudice

DATED: May 4, 2018

BALLARD SPAHR LLP

By: *_/s/ Adam C. Ballinger_*
Adam C Ballinger (#0389058)
ballingera@ballardspahr.com
80 South Eighth Street, Suite 2000
Minneapolis, MN 55402-2100
Telephone: (612) 371-3211
*Attorneys for Defendant Alltran Financial, LP*

**CERTIFICATE OF SERVICE**

I, Adam C. Ballinger, hereby certify that I caused a copy of the foregoing Motion to Dismiss, together with all supporting documents, to be served via Federal Express on May 4 2018, to the following:

Troy K. Scheffler
26359 Shandy Trail
Merrifield, MN 56465

*Plaintiff, Pro Se*

/s/ Adam C. Ballinger
Adam C Ballinger