UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Troy K. Scheffler, | Court File No. 18-cv-415 (DWF/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Alltran Financial, LP, | |
| Defendant. | |

---

This matter comes before the undersigned United States Magistrate Judge upon Defendant Alltran Financial, LP's Motion to Dismiss, [Docket No. 9], and upon referral from the Honorable Donovan W. Frank. (Order of Reference [Docket No. 20]). A hearing was held on July 2, 2018, after which the Defendant's Motion was taken under advisement. [Docket No. 28].

For the reasons discussed herein, it is recommended that the Defendant's Motion to Dismiss, [Docket No. 9], be **GRANTED**.

**I.   Statement of Relevant Facts[1]**

On February 13, 2018, Plaintiff Troy Scheffler ("Plaintiff")[2] initiated the present action by filing his pro se Complaint with this Court. (Compl. [Docket No. 1]). Therein, he alleges that Defendant Alltran Financial, LP, a Minnesota licensed collection agency, has committed multiple violations of the FDCPA and related Minnesota statutes, and he purports to bring a class action suit on behalf of other similarly situated individuals, nationwide. (See, Id.). Specifically, Plaintiff claims that (1) Defendant violated 15 U.S.C. § 1692e(11), by failing to disclose

---

[1] For the purposes of the present Motion to Dismiss under Rule 12(b)(6), the Court accepts the facts alleged in the First Amended Complaint (the operative complaint), [Docket No. 20], as true and construes them in the light most favorable to Plaintiff. See, Smithrud v. City of St. Paul, 746 F.3d 391, 397 (8th Cir. 2014).

[2] "[Plaintiff Troy K.] Scheffler is a former debt collector who has filed many lawsuits in this district alleging violations of the Fair Debt Collection Practice Act (FDCPA)." Scheffler v. Gurstel Chargo, P.A., No. 15-cv-4436 (DSD/SER), 2017 WL 1401278, *1 (D. Minn. April 19, 2017).

required information in its initial communications; (2) it violated Minnesota Statute § 332.37(16) by failing to disclose its full name as listed on its Minnesota Collection Agency License and, therefore, also violated 15 U.S.C. § 1692n; (3) it violated 15 U.S.C. § 1692c(b), which prohibits communication by a debt collector with most third parties except in specific enumerated circumstances. (Id. at ¶¶ 74–93). Plaintiff bases his claims on the following alleged facts.

American Express Co. placed an account with Defendant, alleging that Plaintiff owed American Express Co. a debt. (Compl., [Docket No. 1], ¶ 8). On 14 occasions between October 13, 2017, and December 18, 2017, Defendant's employees left the following voicemail message on Plaintiff's cellular telephone: "Hello, this message is from [Debt Collector's name] with Alltran Financial. This call is from a debt collector. Please call 800-326-3446 [or 888-739-0868], extension [caller's extension]. Thank you." (Id. at ¶¶ 13–18).

On December 18, 2017, Plaintiff dialed 800-326-3446, and got a voicemail box for "Alltran Financial," "where he left a message stating he was returning a number of messages from Defendant and express[ing] concern over the information Defendant was leaving on Plaintiff's voicemail '. . . for everyone else to hear.'" (Id. at ¶¶ 27–28).

On December 19, 2017, Plaintiff called Defendant at 866-516-6427 and spoke with licensed debt collector Diane Mitchell. (Id. at ¶ 29). Plaintiff expressed his displeasure that Defendant had disclosed its identity as a debt collector on his voicemail, and he informed Ms. Mitchell that his girlfriend and his roommate had heard some of the voicemails when Plaintiff had played them on his cell phone. (Id. at ¶¶ 30–31). Plaintiff now alleges that the disclosures his roommate overheard "have caused friction between" them. (Id. at ¶ 50).

Ms. Mitchell apologized and first stated that she would transfer Plaintiff to the person who had left the messages; she then stated that that person had already gone home, so she would

be handling the call. (Id. at ¶ 32). Ms. Mitchell then stated, "This is a communication from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose." (Id. at ¶ 33). Plaintiff reiterated his desire that Defendant cease leaving messages on his cell phone that stated it was a debt collector, and Ms. Mitchell accused Plaintiff of not wanting to rectify his debt; after Plaintiff again expressed his displeasure with the messages, the call ended. (Id. at ¶¶ 35–36). "Shortly after this call," Plaintiff "served notice through Defendant's email system to immediately cease and desist communications with him specifically concerning the alleged debt." (Id. at ¶ 37).

On February 7, 2018, while drafting his Complaint in the present case, Plaintiff called 800-326-3446 to determine the identity of the individual who had left the message on November 10, 2017, instructing him to return her call at extension 3387. (Id. at ¶ 38). Plaintiff entered "3387" when asked for an extension number, but was transferred to licensed debt collector Angelica Mahon at extension 3064. (Id. at ¶ 39). Plaintiff explained that he was calling to obtain the name of the person who had told him to return the call at extension 3387, and he gave Ms. Mahon the date and time of the message. (Id. at ¶¶ 40–41). Ms. Mahon stated that she would tell Plaintiff what the call was about, and Plaintiff immediately informed her "that he was not calling about the debt and that the account should be ceased." (Id. at ¶ 42). Ms. Mahon said she could not tell who had called at the specific time and date Plaintiff wished, but she could tell Plaintiff the subject matter of the call. (Id. at ¶¶ 44–48). Plaintiff "again clearly stated he was only calling to obtain a name and not calling about the debt." (Id. ¶ 44). Ms. Mahon informed Plaintiff that the person he was seeking was licensed debt collector Laquisha Hurst, and she again pressed Plaintiff to allow her to explain what the calls were regarding. (Id. at ¶ 45). Plaintiff stated that he believed the account had been ceased, but when he asked Ms. Mahon to verify that it had been

ceased, Ms. Mahon said it was not, and she again tried to disclose what the calls were regarding. (Id. at ¶¶ 47–48). Plaintiff ended the phone call. (Id. at ¶ 49).

As already set forth above, Plaintiff filed his Complaint, [Docket No. 1], on February 13, 2018. The parties stipulated to an extension of time for Defendant to Answer or otherwise respond to the Complaint, which this Court approved. (Order [Docket No. 8]). And on May 4, 2018, Defendant filed the Motion to Dismiss, [Docket No. 9], that is presently before the Court. Defendant argues that Plaintiff has failed to state a claim and thus his Complaint should be dismissed pursuant to Rule 12(b)(6). (Mem. in Supp., [Docket No. 11], 8–21).

On May 11, 2018, the Honorable Donovan W. Frank referred all dispositive and non-dispositive motions in the present case to the undersigned. [Docket No. 20].

## II.  Defendant's Motion to Dismiss. [Docket No. 9].

Defendant's Motion to Dismiss, [Docket No. 9], seeks an Order of this Court dismissing all claims asserts against it by Plaintiff. Defendant argues that Plaintiff has failed to stat a claim upon which relief can be granted, and therefore, Defendant asserts, Plaintiff's Complaint should be dismissed. For his part, Plaintiff argues that Defendant's arguments are meritless, and his Complaint sufficiently alleges violations of the FDCPA and of Minnesota state law. (Plf.'s Mem., [Docket No. 24], at 4–19). [3]

### A. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint attacked by a Rule

---

[3] Plaintiff's Memorandum in Opposition filed on June 4, 2018, was untimely because it was filed after the time allowed in the briefing schedule set forth by this Court. (See, Order [Docket No. 22]). However, Defendant's Exhibits in Support of its present Motion were not filed contemporaneously with its Memorandum in Support, as required by Local Rule 7.1. The Motion and Memorandum in Support were filed on May 4, 2018, but the Exhibits in support thereof were not filed until 4 days later, on May 8, 2018. (See, Exhibits [Docket Nos. 15, 16, 17, 18, 19]). Therefore, the Court in its inherent discretion to do so will consider Plaintiff's Memorandum, despite its untimeliness.

12(b)(6) motion to dismiss does not need detailed factual allegations, the non-moving party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," but in contrast, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556–67).

"To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice to state a claim to relief that is plausible on its face." Carton, 611 F.3d at 454 (8th Cir. 2010) (citations and internal quotation marks omitted). In addition to accepting all of the factual allegations in the complaint as true, courts considering a Rule 12(b)(6) motion to dismiss must draw all reasonable inferences in the plaintiff's favor, but courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Carton, 611 F.3d at 454 (citations omitted); see, Riley v. St. Louis County of Mo., 153 F.3d 627, 629 (8th Cir. 1998); Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 664. When courts undertake the "context-specific task" of determining whether a plaintiff's allegations "nudge" its claims against a defendant "across the line from conceivable to plausible," they may disregard legal conclusions that are couched as factual allegations. See, Iqbal, 556 U.S. at 678–81. Although the factual allegations in the complaint need not be detailed,

they must be sufficient to "raise a right to relief above the speculative level," which "requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

In addition:

> "A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which . . . protects the uninformed or naïve customer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretation of collection [attempts]." "The unsophisticated consumer test is a practical one, and statements that are merely susceptive of an ingenious misreading do not violate the FDCPA."

Heroux v. Callidus Portfolio Mgmt. Inc., No. 17-cv-5132 (DSD/HB), 2018 WL 2018069, *4 (D. Minn. May 1, 2018) (citations omitted).

Generally, in evaluating a complaint, materials outside the pleadings cannot be considered on a motion to dismiss. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). However, a court "may consider the pleadings themselves, material embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010) (citing Porous Media Corp., 186 F.3d at 1079).

While the Court is required to construe the content with Plaintiff's pleadings liberally as he is proceeding *pro se*, Plaintiff is nevertheless bound by applicable procedural and substantive law. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

**B. Analysis**

As noted above, Plaintiff claims that (1) Defendant violated 15 U.S.C. § 1692e(11), by failing to disclose required information in its initial communications; (2) it violated Minnesota Statute § 332.37(16) by failing to disclose its full name as listed on its Minnesota Collection

Agency License and, therefore, also violated 15 U.S.C. § 1692n; (3) it violated 15 U.S.C. § 1692c(b), which prohibits communication by a debt collector with most third parties except in specific enumerated circumstances. (Compl., [Docket No. 1], at ¶¶ 74–93).

### i. Count 1: 15 U.S.C. § 1692(e)11

In Count 1 of his Complaint, Plaintiff alleges a violation of 15 U.S.C. § 1692e(11). (Compl., [Docket No. 1], at ¶¶ 74–80). The statute states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11). This required disclosure is sometimes referred to as a "Mini Miranda." See, Scheffler v. Gurstel Chargo, P.A., 2017 WL 1401278, at *4 n.4.

Plaintiff contends the voicemails of Defendant's employees left on Plaintiff's cell phone "could be considered an initial communication." (Compl., [Docket No. 1], at ¶ 78). Plaintiff further asserts that the voicemails did not include the disclosure required by 15 U.S.C. § 1692e(11). (Id. at ¶ 78).

The voicemails in the present case all stated: "Hello, this message is from [Debt Collector's name] with Alltran Financial. This call is from a debt collector. Please call 800-326-3446 [or 888-739-0868], extension [caller's extension]. Thank you." (Id. at ¶ 13). As a threshold issue in determining whether or not these voicemails violate 15 U.S.C. § 1692e(11), the Court must first determine whether or not these emails constitute initial communications.

While some Courts have found that voicemails bearing some similarity to the voicemails in the present case were communications, Courts in this District, while considering voicemails material similar to the voicemails in present case, have determined that the voicemails did not constitute communications. In determining whether or not these voicemails violated 15 U.S.C. § 1692e(11) this Court finds instructive the reasoning of Zortman v. J.C. Christensen & Assoc., Inc., 870 F. Supp. 2d 694, 705 (D. Minn. 2012). Under the FDCPA: "The term 'communication' means the conveying of information regarding debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

In Zortman, the Honorable Joan N. Ericksen examined the FDCPA-compliance of a voicemail that "stated in its entirety: 'We have an important message from J.C. Christensen and Associates. This is a call from a debt collector. Please call 866-319-8619.'" Zortman v. J.C. Christensen & Assoc., Inc., 870 F. Supp. 2d 694, 701 (D. Minn. 2012). Judge Ericksen discussed the "Hobson's Choice" presented to debt collectors by the identification and disclosure requirements of 15 U.S.C. §§ 1692d(6) and 1692e(11) seemingly conflicting with the prohibition against debt collectors' communication with third parties set forth by 15 U.S.C. § 1692c(b). Id. at 699–701. Finally Judge Ericksen concluded that because the voicemail left no more information than an individual could have discovered by researching the phone number from which the call was placed, there was no violation of the consumer's privacy under 15 U.S.C. § 1692c(b). Id. at 701–07.

Judge Ericksen reasoned that the voicemail messages at issue in that case were not "communications" because "in order to fit within the 'conveying of information regarding a debt' language of § 1692a(2), a third-party listener would need to make two key inferences": (1) that the message was directed to the plaintiff, who was not mentioned in the voicemail by name;

8

and (2) "that the only reason a debt collector calls is to collect a debt," despite the fact that debt collectors also place calls to obtain location information" and, in Zortman specifically, the plaintiff worked for a debt collector. Id. at 704–05. Therefore, Judge Ericksen "conclude[d] that the messages left by [the debt collector] on [the plaintiff's] voicemail [did] not constitute 'communications' with a person other than the consumer." Id. at 705. In short, Judge Ericksen found that the voicemails failed to convey any "information regarding a debt," and therefore, the voicemails could not be considered communications.

In addition, at least two other cases within this District have since followed the rationale in Zortman. See, Gearman v. Heldenbrand, No. 15-cv-2039 (DSD/FLN), 2015 WL 5255335, *3 (D. Minn. Sept. 9, 2015) (citing Zortman and finding that voicemail at issue was not communication); Hanson v. Green Tree Servicing, LLC, No. 12-cv-2933 (DSD/SER), 2013 WL 4504290, *2 (D. Minn. Aug. 23, 2013) (citing Zortman and stating that a "message reveal[ing] only the name of the caller, the name of her company[,] and a call-back number . . . was not a communication" under the FDCPA).

Plaintiff argues that Zortman is distinguishable because the voicemails in the present case explicitly identified the caller as a debt collector. (Mem. in Opp., [Docket No. 24], 6–7). This argument is unpersuasive because the message in Zortman also specifically noted that the call was from a debt collector, and the Court in Zortman considered the fact that even a hang-up to a recipient with caller identification services and the internet could allow a third party to confirm that the caller was a debt collector. In addition, the Court in Gearman, citing Zortman, specifically concluded that "merely identifying oneself as a debt collector does not convey information regarding a debt." Gearman, 2015 WL 5255335, at *3.

Even construing the Complaint liberally, taking all of the facts alleged in the Complaint as true, and drawing all reasonable inferences in Plaintiff's favor, the voicemail that forms the basis for Count 1 of Plaintiff's Complaint in the present case similarly included only the name of the caller, the name of the debt collection company, the fact that the call was from a debt collector, and a call-back number. (See, Compl., [Docket No. 1], ¶¶ 13–18). Under rationale of Zortman and the cases subsequently adopting its rationale—which this Court finds persuasive, the voicemails in the present case were not "communications." Therefore, the voicemails cannot be subject to the requirements of 15 U.S.C. § 1692e(11), which apply only to "initial communications."

Accordingly, Plaintiff has failed to state a claim upon which relief can be granted, and the Court, therefore, recommends that to the extent it seeks dismissal of Count 1 of Plaintiff's Complaint, [Docket No. 1], Defendant's Motion to Dismiss, [Docket No. 9], be **GRANTED**.[4]

### ii. Count 2: Minn. Stat. § 332.37(16), "as actionable under 15 U.S.C. § 1692e(14) and 15 U.S.C. § 1692n"

In Count 2 of his Complaint, Plaintiff alleges a violation of Minn. Stat. § 332.37(16), which he further alleges is made actionable by 15 U.S.C. § 1692e(14) and 15 U.S.C. § 1692n. (Compl., [Docket No. 1], ¶¶ 81–85). Plaintiff bases his claim in Count 2 that Defendant violated the provisions of these statutes on the voicemails left on his cell phone and on the instance when he left a message in what was apparently a voicemail service for Defendant; Plaintiff alleges that during none of those contacts did Defendant disclose its "full name as listed on [its] Minnesota Collection Agency License." (Compl., [Docket No. 1], ¶ 82, 83). Specifically, Plaintiff alleges in his Complaint that the full name on Defendant's Minnesota Collection Agency License is

---

[4] As the Court concludes Plaintiff's Count 1 has failed to state a claim upon which relief can be granted, the Court does not reach Defendant's alternative arguments for dismissal.

"Alltran Financial, LP," whereas in its messages for Plaintiff and the outgoing message in its voicemail, it was identified only as "Alltran Financial." (Id. at ¶¶ 13, 28). At the Motions Hearing regarding the present motion, Plaintiff confirmed that the only difference he alleges between the names was the "L.P." distinction. (July 2, 2018, Motions Hearing, Digital Recorder at 2:10–2:12 p.m., 2:19–2:21 p.m.).

Minn. Stat. § 323.37 states, in relevant part: "No collection agency or collector shall . . . (16) when attempting to collect a debt, fail to provide the debtor with the full name of the collection agency as it appears on its license."

However, as a Court in this District has already determined the Minnesota Collection Agencies Act ("MCAA"), Minn. Stat. § 332.31, et seq., does not provide a private right of action. Edeh v. Midland Credit Management, Inc., 748 F. Supp. 2d 1030, 1037 (D. Minn. 2010) ("[N]o private right of action exists under the Minnesota Collection Agencies Act."). Moreover, the MCAA provides for "the attorney general or the county attorney" to apply for an injunction upon violation of the MCAA, but it does not set forth remedies for a private citizen. See, Minn. Stat. § 332.39.

In addition, neither 15 U.S.C. § 1692e(14) nor 15 U.S.C. § 1692n make the MCAA "actionable" as a state law claim.

Title 15 U.S.C. § 1692e(14) states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . .
(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

Title 15 U.S.C. § 1692n states:

> This subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

As can be seen from the plain language of these statutes, neither 15 U.S.C. § 1692e(14) nor 15 U.S.C. § 1692n provide a private right of action by which Plaintiff may bring a claim under state law claim Minn. Stat. § 332.37(16). Therefore, to the extent Plaintiff's Count 2 alleges a violation of Minn. Stat. § 332.31, Plaintiff's Count 2 fails to state a claim upon which relief can be granted.

Liberally construing the Complaint, however, it could be read that Plaintiff is arguing a claim under 15 U.S.C. § 1692e(14). (See, Compl., [Docket No. 1], at ¶ 85). At the Motions Hearing, Plaintiff appeared to allude that he was attempting to bring a claim under 15 U.S.C. § 1692e(14). (July 2, 2018, Motions Hearing, Digital Recorder at 2:12–2:17 p.m.). Therefore, given Plaintiff's pro se status, the Court considers his claim under 15 U.S.C. § 1692e(14).

As noted above, Title 15 U.S.C. § 1692e(14) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

As also noted above, Plaintiff basis a claim for a violation of 15 U.S.C. § 1692e(14) upon the lack of the "L.P." designation in the voicemails left for Plaintiff. (Compl., [Docket No. 1], at ¶¶ 13, 28; July 2, 2018, Motions Hearing, Digital Recorder at 2:10–2:12 p.m., 2:19–2:21 p.m.).

Recently, the United States Supreme Court in Sheriff v. Gillie, unanimous explained: "Although the FDCPA does not say 'what a "true name" is, its import is straightforward:  A debt

12

collector may not lie about his institutional affiliation.'" See, Sheriff v. Gillie, 136 S. Ct. 1954, 1602 (2016). Moreover, the Eighth Circuit Court of Appeal has joined other Federal Circuit Courts in recognizing a materiality requirement for claims brought under 15 U.S.C. § 1692e. Hill v. Accounts Receivable Servs., LLC, 888 F.3d 343 (2018). The Eighth Circuit adopted the reasoning of the Seventh Circuit in Hahn v. Triumph Partnerships LLC, 557 F.3d 755, 757-58 (7th Cir. 2009), where the Seventh Circuit stated that the FDCPA "'is designed to provide information that helps consumers to choose intelligently, . . . immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect).'" See, Hill, 888 F.3d at 345–46.

Because the relevant question is not whether Plaintiff himself was misled, but rather whether the "unsophisticated consumer" could be misled by the alleged violation, Plaintiff's failure to allege in his Complaint that he was misled is not fatal. However, even taking all of the facts alleged in Plaintiff's Complaint as true and drawing all reasonable inferences in his favor, a reasonable mind could not conclude that Defendant's failure to include the "LP" could be materially deceptive, misleading, or unfair, even to the unsophisticated consumer.

Accordingly, as to Count 2 of Plaintiff's Complaint, to the extent that it relies upon an alleged violation of 15 U.S.C. § 1692e(14), Plaintiff has failed to state a claim upon which relief can be granted.

Therefore, to the extent Defendant's Motion to Dismiss, [Docket No. 9], seeks dismissal of Plaintiff's Court 2, the Court recommends that Defendant's Motion to Dismiss, [Docket No. 9], be **GRANTED**.

### iii.   Count 3: 15 U.S.C. § 1692c(b)

In Count 3, Plaintiff alleges a violation of 15 U.S.C. § 1692c(b). (Compl., [Docket No. 1], ¶¶ 86–93). That statute states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

Plaintiff bases his claim in Count 3 on the following alleged facts: Defendant left voicemails on his cell phone which, "on at least one occasion," were overheard by Plaintiff's roommate, John Hoyt. (Compl., [Docket No. 1], ¶¶ 87–88).

Here too again the Court finds instructive Zortman v. J.C. Christensen & Assoc., Inc., 870 F. Supp. 2d 694, 701 (D. Minn. 2012).

As already stated above, Zortman examined the FDCPA-compliance of a voicemail that "stated in its entirety: 'We have an important message from J.C. Christensen and Associates. This is a call from a debt collector. Please call 866-319-8619.'" Zortman, 870 F. Supp. 2d at 701. The Court in Zortman concluded that because the voicemail left no more information than an individual could have discovered by researching the phone number from which the call was placed, it was not a "communication" under the FDCPA, and there was no violation of the consumer's privacy under 15 U.S.C. § 1692c(b). Id. at 701–07. In other words, it was not a "third-party communication" as contemplated and prohibited by 15 U.S.C. §1692c(b).

As already set forth above in the discussion regarding Count 1, the voicemail content at issue in the present case is materially indistinguishable from that in Zortman. Here, Plaintiff alleges in his Complaint that the voicemails stated the following: "Hello, this message is from [Debt Collector's name] with Alltran Financial. This call is from a debt collector. Please call

14

800-326-3446 [or 888-739-0868], extension [caller's extension]. Thank you." (Compl., [Docket No. 1], 3-4). Therefore, under Zortman, Plaintiff has failed to allege facts sufficient to support a plausible claim under 15 U.S.C. § 1692c(b).

Despite the fact that the messages are materially indistinguishable, Plaintiff attempts to distinguish the present case. For example, Plaintiff repeatedly asserts that whether his outgoing voicemail message identifies it as his personal voicemail weighs heavily because a third-party overhearing the voicemails underlying this case who knew that the voicemail greeting identified Plaintiff personally could infer that the calls were for Plaintiff, especially in light of the repeated voicemails. (Plf.'s Mem., [Docket No. 24], at 9–10). But the Court in Zortman cautioned against these types of inferences supporting the conclusion that a voicemail is a "communication." And Plaintiff provides no persuasive reason to revisit the issue. Moreover, even considering Plaintiff's argument regarding the fact that a third-party could know Plaintiff's outgoing voicemail identified it as Plaintiff's personal voicemail, that identification would not be information left by Defendant which Defendant would be conveying to a third party.

In short, the voicemails left by Defendant cannot be considered violation of 15 U.S.C. § 1692c(b) because the voicemails are not "communication" under the FDCPA, and therefore, they cannot be violative of 15 U.S.C. § 1692c(b).

Therefore, to the extent Defendant's Motion to Dismiss, [Docket No. 9], seeks dismissal of Plaintiff's Court 3, the Court recommends that Defendant's Motion to Dismiss, [Docket No. 9], be **GRANTED**.

### III. Conclusion

Based on the foregoing reasons, all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Defendant Alltran Financial, LP's Motion to Dismiss, [Docket No. 9], be **GRANTED**; and

2. Plaintiff's Complaint be **dismissed without prejudice**.

Dated: August 13, 2018　　　　　　　　　　　　s/Leo I. Brisbois  
　　　　　　　　　　　　　　　　　　　　　　　Leo I. Brisbois  
　　　　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).