UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Troy K. Scheffler,                                    Civil No. 18-415 (DWF/LIB)

     Plaintiff,

v.                                                    **ORDER ADOPTING REPORT
                                                      AND RECOMMENDATION**

Alltran Financial, LP,

     Defendant.

The above matter comes before the Court upon *pro se* Plaintiff Troy K. Scheffler's Objection (Doc. No. 31) to the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated August 13, 2018 (Doc. No. 29) insofar as it recommends that Defendant Alltran Financial, L.P.'s Motion to Dismiss be granted and Plaintiff's Complaint be dismissed without prejudice.[1] Defendant responded to Plaintiff's opposition on September 19, 2018. (Doc. No. 34.)

The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference. In the Report and Recommendation, the Magistrate Judge explained that: (1) the voicemails at the heart of Plaintiff's Complaint, which included only the name of the caller, the name of the debt collection company, the fact that the call was from a debt collector, and a callback number, were not "communications" under the FDCPA; (2) Plaintiff's claim

---

[1] Plaintiff requested oral argument with respect to his filed objection. The Court, however, is prepared to issue this Order without such an argument as the matter has been sufficiently presented on the papers.

under Minnesota Statute § 323.37 fails because that statute does not provide a private right of action; (3) to the extent that Plaintiff asserts a claim under 15 U.S.C. § 1692e(14) for failing to use the "LP" in identifying itself as Alltran Financial, that claim fails because a reasonable mind could not conclude that such a failure was materially deceptive, misleading, or unfair, even to an unsophisticated consumer; and (4) Plaintiff's claim under 15 U.S.C. § 1692c(b) for leaving voicemails on Plaintiff's cell phone fails because this was not a "third-party communication" as contemplated and prohibited by the statute. Plaintiff objects to the Magistrate's Report and Recommendation, arguing that the Magistrate Judge improperly relied exclusively on *Zortman v. J.C. Christensen & Assoc., Inc.*, 870 F. Supp. 2d 694, 705 (D. Minn. 2012), *Zortman* is distinguishable from the present case, and the voicemail at issue was a "communication." In addition, Plaintiff argues that Minnesota Statute § 323.37 does allow for a private right of action and Defendant violated it by not reciting its name on the voicemail.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of the parties, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). After careful review of the Plaintiff's objections, the Court finds no reason to depart from the Magistrate Judge's recommendation. Based upon the Report and Recommendation of the Magistrate Judge and upon all of the files, records, and proceedings herein, the Court now makes and enters the following:

**ORDER**

1.	Magistrate Judge Leo I. Brisbois's August 13, 2018 Report and Recommendation (Doc. No. [29]) is **ADOPTED**.

2.	Defendant Alltran Financial, LP's Motion to Dismiss (Doc. No. [9]) is **GRANTED**.

3.	Plaintiff Troy K. Scheffler's Complaint (Doc. No. [1]) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   January 3, 2019			s/Donovan W. Frank
						DONOVAN W. FRANK
						United States District Judge